Joaquina Batlle Vda. de Vilaró, demandante-apelante-apelada, *v.* Sergio Torruella Cortada, demandado-apelado-apelante. Joaquina Batlle Vda. de Vilaró, demandante y apelante, *v.* Sergio Torruella Cortada, demandado y apelado.

Nos. 5072 y 5127.—*Sometidos:* Mayo 9, 1930. *Resueltos:* Junio 15, 1931.

*Tous Soto & Zapater,* abogados de la demandante en ambos casos; *José A. Poventud* y *Alberto S. Poventud,* abogados del demandado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Al resolver la Corte de Distrito de Ponce las excepciones previas propuestas por los demandados en este caso contra la demanda resolvió que contiene indebida acumulación de acciones; que tiene defecto de partes demandadas; que es ambigua; que ninguna de las tres causas alegadas tiene hechos suficientes determinantes de causa; y que la tercera está prescrita; y concedió permiso para que la demanda fuese enmendada.

Después de esa resolución la demandante solicitó que para que ella pudiera ser revisada en apelación dictase la corte sentencia, y en efecto fué dictada declarando sin lugar la demanda con las costas a la demandante, por los fundamentos de la resolución de las excepciones previas.

Resolviendo este Tribunal Supremo esa apelación de la demandante declaró que en la demanda no existe indebida acumulación de acciones; que no tiene defecto de partes demandadas; que no es ambigua; que la primera causa

alegada contiene hechos suficientes para la acción que ejercita; que la segunda y tercera causa están carentes de hechos suficientes, y dejó de resolver la excepción de prescripción alegada contra la tercera causa de acción por haber sido sostenido que no aduce hechos determinantes de causa de acción. De acuerdo con esas conclusiones revocamos en parte la sentencia apelada, confirmándola también en parte y devolvimos el caso a la corte inferior para ulteriores procedimientos. En esa apelación no se promovió ni se trató la condena de costas.

La parte demandante solicitó de nosotros que, puesto que habíamos declarado errónea la resolución de las excepciones previas en cuanto a la mayor parte de ellas, aclarásemos nuestra sentencia en el sentido de revocar en su totalidad la de la corte inferior, pero resolvimos que se estuviese a lo dispuesto. Después la demandante solicitó en el tribunal inferior que se concediera permiso para enmendar su demanda, según se dice en los alegatos de las partes.

La parte demandada presentó en la corte inferior un memorándum de costas reclamando $10 por honorarios del secretario de dicha corte y $800 por los de su abogado. A él se opuso la demandante y la corte resolvió que debía pagar los $10 del secretario y $350 por el abogado. Contra esa resolución establecieron apelación ambas partes, tramitando sus recursos separados pero después por estipulación que hicieron y fué aceptada por esta corte presentaron un solo alegato para ambos recursos.

La apelación del demandado es solamente por la cuantía de honorarios de su abogado que le fué concedido, sosteniendo que debe ser la fijada en su memorándum de costas. La de la demandante se funda principalmente en que no tiene que satisfacer cantidad alguna por costas.

La parte demandante no podía apelar la resolución de la corte de distrito sobre las excepciones previas alegadas contra su demanda sin que se dictase sentencia. Si ella

entendía que su demanda no tenía que ser enmendada, el único medio de que disponía para evitar hacerlo era solicitando sentencia contra ella, sentencia que necesariamente debía contener y contuvo condena de costas porque de acuerdo con la resolución de la corte, no enmendándose la demanda, se estaba demandando sin causa justificada y esa sentencia ponía fin al pleito.

La resolución de este tribunal en la anterior apelación demuestra que la demandante tenía razón en no querer enmendar su demanda porque no tenía indebida acumulación de acciones, defecto de partes demandadas, ni ambigüedad, y porque su primera causa de acción contenía hechos suficientes para la que ejercitaba. La resolución de la corte inferior sólo fué sostenida en cuanto a falta de hechos suficientes en la segunda y tercera causa de acción. Aunque la sentencia de la corte inferior declaró sin lugar la demanda con costas, su fundamento fué por haber sostenido las excepciones previas opuestas a la demanda. Esa resolución ha sido revocada casi en su totalidad. El efecto de nuestra sentencia es retrotraer las cosas al estado que tenían cuando las excepciones fueron resueltas. Nosotros dictamos la resolución que debió haber dictado la corte inferior. Con tal resolución de las excepciones no era procedente una sentencia declarando sin lugar la demanda con costas puesto que no era ambigua, no adolecía de partes demandadas, no contenía indebida acumulación de causas y su primera causa de acción consignaba los hechos necesarios para ella, por lo que podía celebrarse un juicio en cuanto a esa primera causa.

Además, si la demandante quería enmendar su demanda en cuanto a la segunda y tercera causa de acción, tenía derecho a obtener permiso de la corte, como dicen las partes que lo solicitó. Por consiguiente, la sentencia de la corte inferior cayó por su base con nuestra resolución de las excepciones, substituyendo en apelación a la corte inferior, y con ella cayó necesariamente la sentencia que declaró sin lugar

la demanda y la condena en costas, por lo que no hay derecho a cobrarlas.

La apelación de la demandante debe ser declarada con lugar y en su consecuencia la resolución aprobatoria del memorándum de costas *debe ser revocada y dictarse otra declarando que no es procedente su aprobación, y que tampoco es procedente la apelación del demandado.*